UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| QUIWANECA SPIKES,<br><br>　　　　　　　　　Plaintiff,<br>　v.<br>NDOC, et al.,<br><br>　　　　　　　　　Defendants. | Case No. 2:24-cv-01815-ART-EJY<br><br>ORDER |

Plaintiff Quiwaneca Spikes brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that she claims she suffered while incarcerated at Florence McClure Women's Correctional Center. (ECF No. 7.) On August 6, 2025, this Court ordered Plaintiff to file an amended complaint by September 5, 2025. (ECF No. 6.) The Court warned Plaintiff that the action could be dismissed if she failed to file an amended complaint by that deadline. (*Id.* at 8–9.) That deadline expired and Plaintiff did not file an amended complaint, move for an extension, or otherwise respond.

**I.   DISCUSSION**

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in

1  expeditious resolution of litigation; (2) the Court's need to manage its docket; (3)
2  the risk of prejudice to the defendants; (4) the public policy favoring disposition
3  of cases on their merits; and (5) the availability of less drastic alternatives. *See*
4  *In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006)
5  (quoting *Malone*, 833 F.2d at 130).
6      The first two factors, the public's interest in expeditiously resolving this
7  litigation and the Court's interest in managing its docket, weigh in favor of
8  dismissal of Plaintiff's claims. The third factor, risk of prejudice to defendants,
9  also weighs in favor of dismissal because a presumption of injury arises from the
10 occurrence of unreasonable delay in filing a pleading ordered by the court or
11 prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir.
12 1976). The fourth factor—the public policy favoring disposition of cases on their
13 merits—is greatly outweighed by the factors favoring dismissal.
14     The fifth factor requires the Court to consider whether less drastic
15 alternatives can be used to correct the party's failure that brought about the
16 Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983,
17 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before*
18 the party has disobeyed a court order does not satisfy this factor); *accord*
19 *Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that
20 "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted
21 pursuit of less drastic alternatives prior to disobedience of the court's order as
22 satisfying this element[,]" *i.e.*, like the "initial granting of leave to amend coupled
23 with the warning of dismissal for failure to comply[,]" have been "eroded" by
24 *Yourish*). Courts "need not exhaust every sanction short of dismissal before
25 finally dismissing a case, but must explore possible and meaningful
26 alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986).
27 Because this action cannot realistically proceed until and unless Plaintiff files
28

1  an amended complaint, the only alternative is to enter a second order setting
2  another deadline. But the reality of repeating an ignored order is that it often
3  only delays the inevitable and squanders the Court's finite resources. The
4  circumstances here do not indicate that this case will be an exception: there is
5  no hint that Plaintiff needs additional time or evidence that she did not receive
6  the Court's screening order. Setting another deadline is not a meaningful
7  alternative given these circumstances. So the fifth factor favors dismissal.

**II.    CONCLUSION**

Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal. It is therefore ordered that this action is dismissed without prejudice based on Plaintiff's failure to file an amended complaint in compliance with this Court's August 6, 2025, order. The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Plaintiff wishes to pursue her claims, she must file a complaint in a new case.

It is further ordered that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is denied as moot.

DATED: September 15, 2025.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

3